

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 20, 1939

Hon. Fred T. Porter
County Attorney
Kaufman County
Kaufman, Texas

Dear Sir:

Opinion No. O-518
Re: Would the holding or exercising
of the positions of city health
officer and county health offi-
cer, or the positions of county
health officer and membership on
the State Board of Health, by
the same person at the same time
amount to a violation of Sec. 40,
Art. 16, of the Constitution of
the State of Texas.

We are in receipt of your letter of
April 14th, in which you request an opinion on
the following two questions:

(1). Can a man hold the office
of City Health Officer, which is ap-
pointive and pays a small salary, and
also hold the office of County Health
Officer?

(2). Can a man hold the office
of County Health Officer and also be a
member of the State Board of Health?

A person may hold or exercise the two
offices, named in each of the above questions, un-
less by so doing he violates Sec. 40 or Art. 16
of the Constitution of the State of Texas.

Sec. 40, Art. 16, above referred to, omitting various exceptions immaterial here reads as follows:

"No person shall hold or exercise, at the same time, more than one civil office of emolument * * *"

The question presented for our consideration is whether the positions of city health officer, county health officer, and membership on the State Board of Health, are civil offices of emolument within the above section of the Constitution.

We find it necessary to review various statutes relating to these offices.

Article 4417a, Vernon's Revised Civil Statutes, which deals with the fixing of compensation of the members of the State Board of Health, provides:

"The six members of the State Board of Health, excepting the member ex-officio, shall receive no fixed salary, but each member shall be allowed, for each and every day in attending the meetings of the Board, the sum of Twenty Dollars ($20.00), including time spent in travel to and from such meetings, and said members shall be allowed traveling and other necessary expenses while in the performance of official duty, to be evidenced by vouchers approved by the State Health Officer, provided no member shall receive more than Five Hundred Dollars ($500.00) annually, including expenses. The members of the State Board of Health and the State Health Officer shall qual-

ify by taking the constitutional oath
of office before an officer authorized
to administer oaths within this State,
and, upon presentation of such oath of
office, together with the certificate
of their appointment, the Secretary of
State shall issue Commissions to them,
which shall be evidence of their author-
ity to act as such."

Article 4425 pertains to the office
of County Health Officer. It reads:

"The Commissioners Court by a ma-
jority vote in each organized county
shall biennially appoint a proper per-
son for the office of county health of-
ficer for his county, who shall hold
office for two years. Said county health
officer shall take and subscribe to the
official oath, and shall file a copy of
such oath and a copy of his appointment
with the Texas State Board of Health;
and, until such copies are so filed,
said officer shall not be deemed legal-
ly qualified. Compensation of said coun-
ty health officer shall be fixed by the
Commissioners Court; provided, that no
compensation or salary shall be allowed
except for services actually rendered."

Article 4425 relates to the position
of a city health officer. It stipulates:

"The governing body of each in-
corporated city and town within this
State shall elect a qualified person
for the office of city health officer
by a majority of the votes of the gov-
erning body, except in cities which may

be operated under a charter providing
for a different method of selecting city
physicians, in which event the office
of city health officer shall be filled
as is now filled by the city physician,
but in no instance shall the office of
city health officer be abolished.  The
city health officer, after appointment,
shall take and subscribe to the official
oath, and shall file a copy of such oath
and a copy of his appointment with the
Texas State Board of Health, and shall
not be deemed to be legally qualified
until said copies shall have been so
filed."

After reviewing the above quoted stat-
utes, it is our opinion that the city health of-
fice, the county health office, and membership
on the State Board of Health are all civil offices
within the purview of Sec. 40 of the Constitu-
tion, supra.  All the criteria to be followed
in determining whether or not employment amounts
to a civil office are fulfilled.  There is a
delegation of a portion of the sovereign function
of the government in each instance.  An official
oath is required of the above mentioned officers.
The powers of these positions are conferred by
law, and the duration of the respective terms
of office is fixed.  See 34 Texas Jur., p. 325

Furthermore, as regards the status of a
health officer, the case of White v. City of San
Antonio, 94 Texas 313, 60 S.W. 427, decided by
the Supreme Court of Texas in 1901 is very per-
tinent.  We quote from the decision as follows:

"The statutes of this state pro-
vide that 'all county and municipal
quarantine shall be subordinate, subject
to and regulated by such rules and regu-

lations as may be prescribed by the Governor or State Health Officer' (Rev. St. Art. 4328) and also that 'all health authorities of the state, or of any county or city thereof, shall obey the rules and regulations prescribed by the Governor or State Health Office' (Rev. St. Art. 4330). These provisions make the health officers of a city, officers of the state, and show that in our state their functions are governmental, and are conferred in the interest of the public at large." (Underscoring ours).

The provisions of the statutes above quoted, relating to the compensation and remuneration of city and county health officers and members of the State Board of Health, indicate conclusively that these positions are offices of emolument. Emolument means a pecuniary profit, gain or advantage. See 34 Tex. Jur., P. 349. The county and city health officers receive compensation in the form of salaries. The members of the state Board of Health are entitled to receive a per diem of Twenty Dollars ($20.00) when attending meetings and "traveling and other necessary expenses while in the performance of official duties".

We conclude that this compensation or remuneration amounts to a pecuniary profit, gain or advantage, constituting an emolument within the meaning of Article 16, Section 40, of the Texas Constitution.

Since it is our holding that the positions of city and county health officers and members of the State Board of Health are "civil offices of emolument" it is our further opinion that the constitutional prohibition contained in Article 16, Section 40, against any person hold-

ing or exercising two such offices at the same time is applicable in both the situations you describe. A person cannot hold the positions of city health officer and also the position of county health officer without violating the Constitution. Nor can a person hold both the position of county health officer and membership on the State Board of Health for the same reason.

For an exhaustive statement of the law on this subject, see Attorney General's opinion No. O-490, delivered March 17, 1939, holding that a person may not serve as a member of the State Board of Medical Examiners and also on the Board of Directors of the Brazos River Conservation and Reclamation District, inasmuch as both positions amount to "civil offices of emolument" within the meaning of Article 16, Section 40 of the Constitution of the State of Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Dick Stout
Assistant

DS:omb

APPROVED:

ATTORNEY GENERAL OF TEXAS